**Anne RAPKIN, Plaintiff,**

v.

**Arthur J. ROCQUE, Jr., in his individual and official capacity; Sidney J. Holbrook, in his individual and official capacity; and Jane K. Stahl, in her individual and official capacity, Defendants.**

No. 3:99 CV 1928(GLG).

United States District Court,
D. Connecticut.

March 6, 2000.

Ruth L. Pulda, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for Plaintiff.

Carla R. Walworth, Mary C. Dollarhide, Sarah Elizabeth Graves, Joshua D. Goodman, Peter M. Schultz, Neil B. Stekloff, Paul, Hastings, Janofsky & Walker, Stamford, CT, Ralph G. Elliot, Tyler Cooper & Alcorn, Hartford, CT, for Defendants.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff, who is Chief Legal Counsel for the State of Connecticut Department of Environmental Protection, has sued her superiors in that Department, claiming

that, acting under color of state law, they deprived her of her First Amendment rights to free speech and to seek judicial redress without retaliation, in violation of 42 U.S.C. § 1983, in connection with various disputes she had with them concerning her advice to the Department of Environmental Protection. It is apparent that underlying this suit are disagreements between the parties concerning environmental matters where the Department has rejected Plaintiff's advice. As Chief Legal Counsel of the Department, Plaintiff is required to give legal advice and to assist the staff on matters relating to enforcement orders and civil penalties and to make recommendations regarding agency program proposals. She also gives advice specifically on matters for adjudication by the Department, including contested matters, settlement of claims, and the assessment of civil penalties.

When Plaintiff filed her complaint, she filed a redacted complaint openly and a sealed complaint that contained three subparagraphs, which, according to Plaintiff, "delineate[ ] certain instances of the Plaintiff giving legal advice or a legal opinion or interpretation" and which "referenced the surrounding circumstances of the communication." (Pl.'s Mot. to File Unredacted Compl. Under Temp. Seal at 2.) Plaintiff moved at that time to file the unredacted complaint under temporary seal, which motion was granted.

Shortly after Plaintiff filed her complaint, The Hartford Courant Company, publisher of the State's oldest and most politically influential newspaper, moved to intervene in this action for purposes of having all matters in this action permanently unsealed. According to The Courant's motion, the sealing "violates The Courant's and the public's rights of access to the files of this Court guaranteed by the First Amendment to the United States Constitution and common law, and effectively prevents The Courant from informing its readers about significant matters of public importance involving the conduct of some of the highest officers of the State government in the discharge of their public duties." (Intervenor's Mot. to Unseal File at 1.)

In opposing this motion, Defendants have argued that, while there is a common-law presumption of access to Court files, it is not absolute and requires the District Court to balance the right to access against the countervailing interests weighing against public access. The interest which Defendants seek to protect is the attorney-client privilege which, they argue, is a countervailing interest of sufficiently high value to overcome both the common-law and the First Amendment presumptions of access. Thus, they assert that narrowly tailored redaction is necessary to preserve the attorney-client privilege.

In support of their respective positions, the parties, including The Courant, have filed numerous briefs and offered extensive arguments. Their concern with what would otherwise be a simple evidentiary issue reflects that what is at stake is a broader and more significant substantive issue: namely, the right of the Chief Counsel of a governmental agency to take her disputes with her superiors to Court (or to administrative agencies) despite the likelihood that such proceedings will require disclosure of matters that would otherwise be protected by the attorney-client privilege. That broader issue is not before this Court at this time.

We have carefully reviewed the redacted portions of the sealed complaint, subparagraphs 13(c), 14(a), and 16(b). It is our observation that the allegations in question are not a necessary part of the complaint. Subparagraph 13(c) begins by referencing a date when Plaintiff provided legal advice to Defendants, which allegedly led to criticism from Defendants concerning that advice, and then describes the advice that was given by Plaintiff. Paragraph 14 describes Plaintiff's reassignment in terms of her reporting authorities, and describes the criticism she received from her new superior, the attempt to remove her from

her job and to decrease her duties in retaliation for the exercise of her First and Fifth Amendment rights. Plaintiff then gratuitously sets forth in redacted subparagraph 14(a) an example of such an occurrence. Similarly, subparagraph 16(b), which has been redacted, concerns advice that Plaintiff gave to Defendants on a certain matter and their criticism of that advice, as well as the reassignment of the matter to another staff member.

Although Plaintiff concedes that these three subparagraphs are arguably privileged, she argues that these subparagraphs do not divulge the specific cases before the Department or any the names of the parties involved with the matter. They do not do so specifically, but there is sufficient reference to the context of the disputes that very little research would be necessary to uncover the specific parties and issues involved.

There was no need for Plaintiff to insert these evidentiary matters into the complaint. Federal Rule of Civil Procedure 8(a) simply requires that the complaint contain a short and plain statement of the facts upon which the plaintiff claims relief. The redacted matter is not an essential part of the complaint but by virtue of Plaintiff's including it, she and The Courant have accelerated consideration of the underlying significant legal issue referred to above.

It is clear that Plaintiff and The Courant are allied in their pursuit of this issue. In *The Hartford Courant* published last year, The Courant supported Plaintiff's claims, noting that she has been subjected to a "five-year campaign of harassment, culminating in her demotion, because her views don't suit [the DEP's] political agenda." The article quoted both Plaintiff and her

attorney. In a later article, The Courant argued that Defendants "should let the facts come out, let the public know what it is entitled to know about environmental laws," and quoted its own counsel for the proposition that the newspaper has been "prevent[ed] from informing its readers about significant matters of public importance involving some of the highest offices of the state government." (Defs.' Mem. Exs. E & F.)

The issue raised by the motion papers, were it not premature, would require a difficult decision.

The Courant, after noting that the attorney-client privilege is strictly construed, argues that under Connecticut law where the client is a public agency, communications to the attorney are protected only if the following four conditions are met:

(1) the attorney must be acting in a professional capacity for the agency;

(2) the communications must be made to the attorney by current employees or officials of the agency;

(3) the communications must relate to the legal advice sought by the agency from the attorney; and

(4) the communications must be made in confidence,

*See Shew v. Freedom of Information Comm'n,* 245 Conn. 149, 159, 714 A.2d 664 (1998). Defendants respond that the recently passed Connecticut Public Act No. 99–179 explicitly prevents the Chief Legal Counsel from disclosing communications between her and Department officials that relate to her giving legal advice.[1] Plaintiff and The Courant reply that the Act does not apply because it did not become effective until shortly after this action was com-

---

**1.** Public Act No. 99–179, § 1(a)(2), provides in relevant part:

"Confidential communications" means all oral and written communications transmitted in confidence between a public official or employee of a public agency acting in the performance of his or her duties or within the scope of his or her employment

and a government attorney relating to legal advice sought by the public agency or a public official or employee of such public agency from that attorney, and all records prepared by the government attorney in furtherance of the rendition of such legal advice;

menced. To that, Defendants respond that the Act demonstrates that it did not effect any change in the attorney-client privilege but rather clarified the common-law attorney-client privilege applied to communications between government attorneys and state agencies. We need not resolve that dispute, however. Although state law concerning privileges is given some weight, when the cause of action in federal court is based upon a federal statute, the Court will apply federal law.

This case is before the Court based upon its federal question jurisdiction by virtue of Plaintiff's section 1983 claim. The Second Circuit has held that, in such cases, the elements of the attorney-client privilege are governed by federal law. *See von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir.1987), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). In *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir.), *cert. denied*, 519 U.S. 927, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996), the Court gave the customary interpretation to the attorney-client privilege.[2] The Second Circuit had earlier held that the privilege belongs to the client and forbids the attorney from disclosing confidential communications that pass from the lawyer to the client (not merely from the client to the lawyer as Plaintiff argues). *See United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989); *see also Upjohn Co. v. United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943–44 (2d Cir. 1992); *United States v. United Technologies Corp.*, 979 F.Supp. 108, 110–11 (D.Conn.1997).

A major dispute between the parties concerns which party has the burden of establishing whether the material in question is subject to the attorney-client privilege and how that decision should be reached. Plaintiff and The Courant ask for a "redaction-related dispute process to resolve the issue." Plaintiff notes that in *United States v. Amodeo*, 44 F.3d 141, 146–147 (2d Cir.1995) (a criminal case not involving attorney-client privilege), the Second Circuit held that the District Court should make its own redactions supported by specific findings after a review of all claims for and against access to the judicial documents. Defendants on the other hand argue that they have made a *prima facie* showing that the attorney-client privilege applies at this stage of the litigation, although they suggest that Plaintiff may have already revealed some of these matters to The Courant based upon the articles which it has been running.

We agree with Defendants that the public interest in preserving the attorney-client privilege ordinarily outweighs the presumption of access to judicial documents. If it did not, all that would be necessary in any dispute over whether a matter was protected by the attorney-client privilege would be to find a media outlet that stated it wanted the matter revealed in order to make it available to its audience. Although the Second Circuit has not been as accommodating to attorney-client privilege claims as some other Circuits, we note that the First Circuit has held, in a similar situation, that the defendant's unrebutted *prima facie* showing that the material contained in the complaint was protected by the attorney-client privilege outweighed the presumption of public access. *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 12 (1st Cir.1998).

While we believe that Defendants have made an adequate *prima facie* showing of attorney-client privilege to rebut the presumption of access to court materials at this time, particularly in light of the superfluous nature of the redacted portion of the complaint, Plaintiff urges us to resolve this issue at this time, since it is inevitable

---

**2.** In *Construction Products Research*, the Second Circuit held that, in order to "invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." 73 F.3d at 473 (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976)).

that this dispute will arise again. Plaintiff argues that, as the litigation proceeds through discovery, motions for summary judgment, and trial, future disputes about judicial materials will necessarily arise, since communications between Plaintiff and Defendants in the course of her work as Chief Legal Counsel may be central to the outcome of the litigation, and The Courant has shown a strong interest in making those communications available to the public. Consequently, Plaintiff and The Courant urge the Court to adopt a rather elaborate four-stage proceeding with relatively short deadlines to deal with all such disputes. While we find the process suggested by Plaintiff's counsel too cumbersome for practical application, that does not mean that we will not need to invoke some other type of process. If this case progresses to discovery, some form of process will undoubtedly have to be contrived since the attorney-client privilege can be avoided on different grounds, none of which is presently before us.

The Courant argues that it should be entitled to have its attorneys review the redacted materials in confidence since everyone else involved in this dispute has seen them and they have not. Such an approach is often used in the common challenge to the claim of attorney-client privilege. But this is not the typical situation. It is the attorney herself, who was central to the discussions, who seeks to avoid the privilege claim. She and her counsel drafted the redacted materials and are consequently well aware of what they say. She and The Courant are totally allied on this issue and both have thoroughly briefed this issue. In light of this, there is no need for The Courant's counsel to review the specific allegations in question, particularly in light of the fact that Plaintiff's counsel are outstanding practitioners in the employment and civil rights field.[3]

Another reason for not attempting to resolve the attorney-client privilege dispute at this time is that Defendants have pending a motion to dismiss, which Plaintiff concedes raises difficult and extensive issues. If it is granted, the action will not go forward, and there will be no need to reveal the materials in question. In addition, Defendants have commenced an action against the administrative agency where Plaintiff had filed a complaint concerning matters previously within her jurisdiction. Conceivably, rulings on the substantive issues in that case may impact upon the liability in this action and the need for the assertion of attorney-client privilege, although, at present, that case seems to focus on Eleventh Amendment considerations.

In conclusion, at this time, we **DENY** the motion to unseal the complaint (**Doc. No. 14**), obviously without prejudice to a subsequent application when these claims may better be evaluated and are ripe for resolution.

---

3. Defendants have their own approach to this matter, namely, to state that a ruling on the motion should be deferred until after they have deposed Plaintiff to determine whether she has in fact already provided The Courant with the information currently under seal. In light of our disinclination to decide this matter in its current posture, that is not a valid reason for delaying decision of this matter.